UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at London

| | | |
|---|---|---|
| JASON DANIEL PEACE, | ) | |
| | ) | Civil Action No. 6:26-cv-00299-SCM |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| | ) | |
| KENTUCKY PAROLE BOARD, | ) | |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

Jason Daniel Peace is an inmate at the Federal Correctional Institution ("FCI") Beckley in Beaver, West Virginia. [Dkt. 1 at 1]. Proceeding without a lawyer, Peace filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [*Id.*]. That filing is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. For the reasons set forth below, the Court will deny Peace's Petition without prejudice to his ability to pursue his claims in the appropriate forum.

In 2021, Peace pled guilty in this district to distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). *United States v. Jason Daniel Peace*, No. 6:21-cr-00020-CHB-HAI-1, at Dkt. 55 (E.D. Ky. Oct. 27, 2021). This Court subsequently sentenced Peace to 150 months in prison. *See id.* at Dkt. 74. Peace did not appeal.

Peace recently filed this § 2241 action. Peace's submission is difficult to follow. [*See generally* Dkt. 1]. However, as best as the Court can tell, Peace suggests that he

violated the terms of his state parole when he committed his federal offense, and, as a result, the Commonwealth of Kentucky lodged a detainer against him. [*See id.* at 4–7]. Peace, however, appears to dispute the current validity of the detainer by saying, among other things, that it was "served out on 7-25-26." [*Id.* at 4]. Peace also suggests that the detainer is preventing him from more quickly being placed in a halfway house or a lower security federal prison. [*See id.* at 5–6]. For relief, Peace says, "I pray the Court will remove the detainer or run my parole violation concurrent with my federal time." [*Id.* at 6; *see also id.* at 10 (requesting the same relief)].

Peace's submission is unavailing. A § 2241 petition is generally used by a federal prisoner who wishes to challenge the way his sentence is being carried out. *See Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021) (citing *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999)). For example, a federal prisoner may initiate a § 2241 action if he is claiming that the Federal Bureau of Prisons ("BOP") is miscalculating his release date or failing to properly award him good time credits. *See, e.g.*, *Detloff v. Terris*, No. 2:17-cv-14175, 2018 WL 5407290, at *2 (E.D. Mich. Oct. 29, 2018). And the proper respondent in such a habeas case is the petitioner's custodian at the time he filed his petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).

In this case, however, Peace does not appear to be challenging the way the BOP is carrying out his sentence. Rather, it appears that Peace is taking direct exception to the validity of the detainer lodged against him by the Commonwealth of Kentucky. This is underscored by the fact that Peace names the Kentucky Parole Board as the

Respondent in this case (rather than his current custodian in West Virginia), as well as the fact that Peace specifically requests, at least in the alternative, that this Court remove Kentucky's detainer. [Dkt. 1 at 1, 6]. But Peace cites no legal authority that would allow him to collaterally attack the validity of a state detainer (issued because of alleged parole violation) via a § 2241 petition filed in federal court. On the contrary, case law in this district suggests that if Peace wants to challenge the validity of Kentucky's detainer, then he must pursue that matter in state court. *See, e.g.*, *Ellis v. Virginia Parole Bd.*, No. 6:14-cv-208-DLB, 2015 WL 998573, at *2 (E.D. Ky. Mar. 6, 2015) (collecting cases).

Finally, to the extent that Peace is trying—albeit in an inartful way—to challenge the way in which the BOP is computing his sentence, that claim is not properly before this Court. A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be brought against the petitioner's custodian in the petitioner's district of confinement. *See Padilla*, 542 U.S. at 443. In Peace's case, that would mean an action brought against the Warden at FCI Beckley in the United States District Court for the Southern District of West Virginia, not an action against the Kentucky Parole Board in this Court.

Accordingly, it is **ORDERED** that:

1. Peace's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [Dkt. 1], is **DISMISSED without prejudice** to Peace's ability to pursue the detainer issue in state court and/or file a proper habeas case against his current custodian in his district of confinement.

2. This action shall be **STRICKEN** from the Court's active docket.

3. A separate Judgment will be entered.

This 26th day of October 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky